UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RITA R. CRAWFORD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:13-CV-201-NAB |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Rita R. Crawford's application for disability insurance benefits and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act. 42 U.S.C. §§ 401, 1381. Crawford alleges disability due to systemic lupus erythematosus, bilateral leg, hand, and severe back pain, and immobility. (Tr. 211.) The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] For the reasons set forth below, the Commissioner's decision will be reversed and remanded.

**I. Background**

On May 14, 2010, Crawford filed applications for disability insurance benefits and supplemental security income benefits ("SSI"). (Tr. 176-188.) The Social Security Administration ("SSA") denied Crawford's claim and she filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 80-82, 95-99.) The SSA granted Crawford's request for review. (Tr. 100-106.) An administrative hearing was held on December 8, 2011.

(Tr. 25-73.)  Crawford and vocational expert Robin Cook testified at the hearing.  *Id.*  The ALJ issued a written opinion upholding the denial of benefits.  (Tr. 9-20.)  Crawford requested review of the ALJ's decision from the Appeals Council.  (Tr. 4.)  On December 7, 2012, the Appeals Council denied Crawford's request for review.  (Tr. 1-3.)  The decision of the ALJ thus stands as the final decision of the Commissioner.  *See Sims v. Apfel,* 530 U.S. 103, 107 (2000).  Crawford filed this appeal on January 31, 2013.  [Doc. 1.]  The Commissioner filed an Answer and the certified Administrative Transcript on April 8, 2013.  [Docs. 11, 12.]  Crawford filed a Brief in Support of Complaint on July 10, 2013.  [Doc. 17.]  The Commissioner filed a Brief in Support of the Answer on November 14, 2013.  [Doc. 28.]

## II.     Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 416(i)(1)(A), 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled.  20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1).  First, the claimant must not be engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(iii).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). Therefore, even if this Court finds that there is a preponderance of evidence against the weight of the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler,* 733 F.2d 65, 68 (8th Cir. 1984). An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Gwathney v. Chater,* 1043, 1045 (8th Cir. 1997).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

### III.   ALJ's Decision

The ALJ determined that Crawford met the insured status requirement of the Social Security Act through December 31, 2014, but that she has not engaged in substantial gainful activity since March 1, 2010, the alleged onset date of disability. (Tr. 11.) The ALJ found that Crawford had the severe impairments of adrenal insufficiency, mild peroneal motor and sural sensory axonal neuropathy, mild degenerative disc disease, mild osteoarthritis, and obesity. (Tr. 11.) The ALJ then found, however, that Crawford did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 12.) Next, the ALJ determined that Crawford had the residual functional capacity ("RFC") to perform sedentary exertional work, which is defined as the ability to lift and/or carry 10 pounds, stand and/or walk 2 hours in an 8 hour workday, and sit 6 hours in an 8 hour workday provided that she is allowed to use an assistive device for balance. (Tr. 13.) Moreover, Crawford can never climb ropes, ladders, scaffolds, or stairs, but is able to occasionally climb ramps, stoop, kneel, crouch, and crawl. (Tr. 13.) The ALJ then determined that she was unable to perform her past relevant work, but there are other jobs that exist in significant numbers in the national economy that she can perform. (Tr. 18.) Based on

the foregoing, the ALJ concluded that Crawford was not under a disability as defined in the Social Security Act, through the date of the ALJ's decision. (Tr. 19.)

IV. **Discussion**

Crawford presents two errors for review. First, Crawford contends that the administrative law judge ("ALJ") failed to fully and fairly develop the record. Second, Crawford contends the ALJ failed to properly consider the RFC and it is not based on substantial evidence. Based on the following, the Court finds that the ALJ's decision, including the RFC determination, is not supported by substantial evidence in the record as a whole.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

It is the claimant's burden to establish her RFC. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). However, the ALJ has an independent duty to develop the record despite the claimant's burden. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "Some medical evidence must support the determination of the claimant's RFC." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (citing *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000)) (internal

---
[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

5

quotation marks omitted). "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" *Id.* (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003)). "The ALJ must neutrally develop the facts." *Stormo*, 377 F.3d at 806. In some cases, the duty to develop the record requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 404.1519a(b), 416.945a(b). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *see also Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ([I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision). Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). "There is no bright light test for determining when the Commissioner has failed to develop the record." *Gregg v. Barnhart*, 354 F.3d 710, 712 (8th Cir. 2003). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair and prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

In this case, the Court finds that the ALJ should have obtained a consultative examination to assist in the determination of the RFC. First, there was no medical evidence regarding Crawford's physical limitations or her ability to perform basic work activities on a regular and continuing basis. The Court cannot ascertain from the ALJ's summary what medical evidence supports the limitations for sitting, standing, walking, lifting, and carrying in the RFC. Second, the ALJ notes that the medical records appear to show that Crawford's was erroneously

diagnosed and treated for lupus over several years. (Tr. 520, 608, 680.) However, notwithstanding the actual diagnosis, the medical evidence demonstrated that Crawford had significant physical limitations at times requiring hospitalization and physical therapy. In addition, although at times Crawford's medical condition is listed as stable, there are several instances in the record where she has had significant limitations. The fact that Crawford's condition was stable does not mean that she would be able to perform work on a regular and continuing basis. There is no evidence of malingering or exaggeration of symptoms.

Before the parties concluded briefing in this matter, the Court received notice that Crawford had passed away; therefore a consultative examination of her will not be possible. However, the Commissioner may order a consultative examination of Crawford's medical records if necessary. *See Thompson v. Colvin*, No. 4:12-CV-1530 CDP, 2013 WL 5355466 at * 13, n.6 (E.D. Mo. Sept. 24, 2013). Therefore, the Court will reverse and remand this matter so that the ALJ can order a consultative examination to evaluate Crawford's medical records to ascertain her ability to sit, stand, walk, lift, and carry, as well as any other work activities in an ordinary work setting on a regular and continuing basis.

**V.     Conclusion**

Based on the foregoing, this action is reversed and remanded for further proceedings consistent with this opinion.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that a separate judgment in favor of Plaintiff will be entered this same date.

Dated this 31st day of March, 2014.

                                                   /s/ Nannette A. Baker
                                               NANNETTE A. BAKER
                                               UNITED STATES MAGISTRATE JUDGE